IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CR-08-023-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| VERNON HAROLD GEIER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Docket No. 13). Counsel for Defendant informed the Court that he did not request oral argument on the motion. Accordingly, the Court will decide the motion based on the briefs submitted by counsel. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

As alleged in the Indictment, Geier maintained a joint bank account with his Mother, Doris Geier, at Wells Fargo Bank in Las Vegas, Nevada, where he resides. Ms. Geier was a recipient of retirement benefits from the Public Employee Retirement System of Idaho ("PERSI"). The PERSI benefits were electronically transferred from a PERSI bank account at US Bank in Boise, Idaho, to the Geier

**Memorandum Decision and Order - 1**

joint account at Wells Fargo Bank in Nevada.  Funds were electronically transferred from US Bank in Boise, Idaho, to Wells Fargo in California before the Geiers' bank account in Las Vegas was credited for the deposit.

Ms. Geier died on January 24, 2002, at which time the PERSI benefits should have ceased.  However, nobody notified PERSI of Ms. Geier's death, and PERSI continued to electronically transfer funds into the joint account.  Defendant Geier withdrew much of that money from the joint account.

In November 2004, PERSI did a computer comparison between beneficiaries and death records.  From this analysis and subsequent follow-up, PERSI concluded that Ms. Geier was deceased.  PERSI immediately discontinued the electronic funds transfer to the joint bank account.  At that point, PERSI recovered approximately $20,682.25 of the funds which had been transferred into the account after Ms. Geier's death.  However, PERSI did not recover approximately $45,913.86 which were deposited into the account after Ms. Geier's death because Defendant Geier had already withdrawn the money.  The Government then charged Geier with wire fraud and receipt of stolen money.

## ANALYSIS

Defendant contends that venue is improper in the District of Idaho.  Article III of the Constitution, as well as the Sixth Amendment and Rule 18 of the Federal

**Memorandum Decision and Order - 2**

Rules of Criminal Procedure, guarantee that a defendant be tried in the state where the crime was committed. *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002); *see also United States v. Barnard*, 490 F.2d 907, 910 (9th Cir. 1973) (citing *Johnston v. United States*, 351 U.S. 215, 224 (1956)). Venue presents a question of fact and must be proved by the government, but it is not an essential element of the offense. *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974). It need only be established by a preponderance of the evidence. *United States v. Angotti*, 105 F.3d 539, 541-42 (9th Cir. 1997). Where a venue defect is apparent from the face of the indictment, a defendant must challenge that defect before the Government rests its case. *Hanson v. United States*, 285 F.2d 27, 28 (9th Cir. 1960). When the defendant is indicted on multiple counts, venue must be proper for each count. *Id.* In this case, the Government charges Geier with two counts: (1) wire fraud; and (2) receipt of stolen money.

**I.    Count I – Wire Fraud**

Crimes which "span space and time . . . may be considered continuing offenses under 18 U.S.C. § 3237(a)." *Pace*, 314 F.3d at 350. The Ninth Circuit has determined that wire fraud is a "continuing offense." *Id.* Therefore, venue may lie in all places where any part of the wire fraud was accomplished. *Id.* Accordingly, wire fraud "may be prosecuted 'in any district in which such offense

**Memorandum Decision and Order - 3**

was begun, continued, or completed.'" *Id.* (internal citations omitted).

To determine whether venue is proper in the District of Idaho, the Court "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Id.* at 349 (internal quotations and citations omitted).  The Court looks to the "essential conduct elements" of the offense to determine the "nature of the crime" *Id.*

With respect to wire fraud, the Ninth Circuit has recognized that the nature of the offense is the misuse of wires. *Id.*  Thus, it is appropriate that courts interpret the essential conduct prohibited by the wire fraud statute "to be the misuse of wires as well as any acts that cause such misuse." *Id.*  Venue is therefore established in locations "where the wire transmission at issue originated, passed through, or was received, or from which it was 'orchestrated.'" *Id.* (internal citations omitted).  In other words, venue lies "only where there is a direct or causal connection to the misuse of wires." *Id.* at 350.

In this case the Government contends that the alleged wire fraud "continued" in the District of Idaho by means of the electronic transfer of money from the US Bank in Idaho to the Wells Fargo Bank in Nevada.  Geier contends that he did nothing in Idaho, and that he had no duty to inform PERSI that his Mother had died.  He therefore contends that the alleged wire fraud was not "begun,"

**Memorandum Decision and Order - 4**

"continued" or "completed" in the District of Idaho.

As pled, the District of Idaho has a direct or causal connection to the misuse of wires by means of the electronic transfer of money through the US Bank in Idaho. Although the jury will ultimately determine whether Geier's actions constitute a misuse of wires, venue in the District of Idaho is proper because under the facts alleged in the Indictment, which the Court must take as true on this motion to dismiss, the alleged transfer of money "passed through" the District of Idaho. Accordingly, venue is proper in the District of Idaho as to the wire fraud count.

## II.   Count II – Receipt of Stolen Money

As with the wire fraud count, the Government contends that the receipt of stolen money charge is governed by 18 U.S.C. § 3237(a), and that venue is proper in the District of Idaho because the offense "continued" through the District of Idaho by means of the electronic transfer of funds through the US Bank in Idaho. The Court, and apparently the parties, could not locate Ninth Circuit case law specifically addressing whether a receipt of stolen money charge is governed by 18 U.S.C. § 3237(a). However, the Ninth Circuit has applied 18 U.S.C. § 3237(a) to the similar crime of receipt of stolen vehicles, codified in 18 U.S.C. § 2313. *United States v. Childs*, 5 F.3d 1328, 1332 (9th Cir. 1993). In *Childs*, the Ninth

**Memorandum Decision and Order - 5**

Circuit explained that the Government had successfully asserted that venue was controlled by 18 U.S.C. § 3237.  The court noted that the evidence supported an inference that the defendant stole cars in Arizona and moved them through the United States into Canada, and that venue was therefore proper in Arizona.  *Id.*  Moreover, other courts have held that the crime of receipt of stolen money or property is governed by 18 U.S.C. § 3237(a).  *See e.g.*, *United States v. DeKunchak*, 467 F.2d 432, 437-38 (2nd Cir. 1972); *United States v. Melia*, 741 F.2d 70 (4th Cir. 1984).  Thus, a charge of receipt of stolen property may be governed by 18 U.S.C. § 3237(a) if the facts of the case describe a continuing offense.

  In this case, the Government suggests that 18 U.S.C. § 3237(a) applies because the offense "began" when Geier failed to disclose to PERSI that his mother was deceased, that the offense "continued" when PERSI transferred money from the US Bank account in Boise, Idaho, and that the offense was "complete" when the money was deposited into Geier's bank account in Nevada.  Geier contends that the money was not allegedly stolen, or even arguably taken, until Geier withdrew it from the Wells Fargo Bank in Nevada, and therefore any alleged receipt of stolen money occurred only in Nevada.

  As explained by the Ninth Circuit in *Pace*, and as noted above, in order to

**Memorandum Decision and Order - 6**

decide whether venue is proper in a given district, the court "'must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts.'" *Pace*, 314 F.3d at 349 (quoting *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)). To determine the "nature of the crime," a court must look to the "essential conduct elements" of the offense. *Id.* The statute at issue here provides in relevant part as follows:

> Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any . . . money of the value of $5,000 or more, . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken . . . [s]hall be fined under this title or imprisoned not more than ten years, or both.
>
> * * *
>
> For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

18 U.S.C. § 2315.

As applicable to this case, the essential conduct elements of the charge of receipt of stolen money are that the defendant received, possessed and concealed money worth $5,000 or more which was in interstate commerce, and that the defendant knew that the money had been stolen. (See Ninth Circuit Model

**Memorandum Decision and Order - 7**

Criminal Instruction 8.159). Something is in interstate commerce if its movement begins in one state and continues into another state. (See Ninth Circuit Model Criminal Instruction 8.159). A movement becomes interstate when the property comes into the possession of anyone who is helping to move it from one state to another and continues until the property is delivered to its destination. (See Ninth Circuit Model Criminal Instruction 8.159).

Thus, one of the "essential conduct elements" of the charge of receipt of stolen money under 18 U.S.C. § 2315 requires that the stolen money was in interstate commerce. As alleged in the indictment, the money was stolen in Idaho and made its way through California to Geier's bank account in Nevada. Thus, Idaho, California and Nevada are all locations of the commission of the criminal acts. *Pace*, 314 F.3d at 349. As with the wire fraud count, the jury will ultimately determine whether the essential conduct elements are actually met in this case. However, taking the alleged facts as true, which the Court must do for purposes of this motion to dismiss, venue is proper in the District of Idaho because the alleged stolen money, which was ultimately received, possessed or concealed by Geier, began or continued through the District of Idaho via the US Bank account in Idaho. Accordingly, venue is proper in the District of Idaho as to the receipt of stolen money charge.

**Memorandum Decision and Order - 8**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 13) shall be, and the same is hereby, DENIED.

DATED: **June 4, 2008**

_[signature]_
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**